UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELTA SMELT CONSOLIDATED CASES** | **1:09-cv-00407 OWW DLB**<br>**1:09-cv-00480-OWW-GSA** |
| **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY,** *et al.* **v. SALAZAR,** *et al.* **(1:09-cv-00407 OWW DLB)** | **1:09-cv-00422-OWW-GSA**<br>**1:09-cv-00631-OWW-DLB**<br>**1:09-cv-00892-OWW-DLB** |
| **STATE WATER CONTRACTORS v. SALAZAR,** *et al.* **(1:09-cv-00480-OWW-GSA)** | **PARTIALLY CONSOLIDATED WITH:**<br>**1:09-CV-01201-OWW-DLB** |
| **COALITION FOR A SUSTAINABLE DELTA,** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* **(1:09-cv-00422-OWW-GSA)** | **FINAL JUDGMENT** |
| **METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* **(1:09-cv-00631-OWW-DLB)** | |
| **STEWART & JASPER ORCHARDS** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE (1:09-cv-00892-OWW-DLB)** | |
| **FAMILY FARM ALLIANCE v. SALAZAR,** *et al.* **(1:09-CV-01201-OWW-DLB)** | |

In accordance with (1) the Court's November 13, 2009 Memorandum Decision (Doc. 399) and related Order dated December 2, 2009 and filed December 9, 2009 (Doc. 457) granting in part the motion for summary judgment of Plaintiffs San Luis & Delta-Mendota Water Authority and Westlands Water District ("San Luis Plaintiffs"), State Water Contractors ("SWC") and Metropolitan Water District of Southern California ("MWD") on their claims against the United

States Bureau of Reclamation ("Reclamation") and Secretary of the Interior, Kenneth Lee Salazar, that Reclamation violated the National Environmental Policy Act ("NEPA") by failing to perform any NEPA analysis prior to provisionally adopting and implementing the December 15, 2008 biological opinion issued by the United States Fish and Wildlife Service ("USFWS") regarding the effects of the proposed operations of the federal Central Valley Project ("CVP") and the State Water Project ("SWP") on the delta smelt and its critical habitat (the "BiOp"); and (2) the Court's December 14, 2010 Memorandum Decision (Doc. 757) and December 27, 2010 Amended Order (Doc. 763) on the motions and cross-motions for summary judgment brought by: (a) San Luis Plaintiffs, SWC, MWD, Coalition for a Sustainable Delta, Kern County Water Agency, Stewart & Jasper Orchards, Arroyo Farms, LLC, King Pistachio Grove, and Family Farm Alliance; (b) plaintiff-in-intervention the California Department of Water Resources ("DWR"); (c) USFWS and Reclamation; and (d) Defendant-Intervenors Natural Resources Defense Council and the Bay Institute,

All claims of all parties have been decided.  IT IS ORDERED that:

(A)     Judgment is entered in favor of San Luis Plaintiffs on their Sixth Claim for Relief (Doc. 292, ¶ 114) that Reclamation violated NEPA, as set forth in the Court's December 2, 2009 Order;

(B)     Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on Plaintiffs' claims that USFWS violated NEPA;

(C)     Judgment is entered in favor of San Luis Plaintiffs on their First and Third Claims for Relief (Doc. 292); State Water Contractors on their First, Second and Third Claims for Relief (Doc. 1 in 1:09-cv-422 OWW GSA); Metropolitan Water District of Southern California on its First through Fourth Causes of Action (Doc. 32 in 1:09-cv-631 OWW DLB); Coalition for a Sustainable Delta and Kern County Water Agency on their First, Second, Fourth, and Fifth Claims for Relief (Doc. 23 in 1:09-cv-480 OWW GSA); Stewart & Jasper Orchards, Arroyo Farms, LLC, and King Pistachio Grove on their First, Second, and Fourth Claims for Relief (Doc. 1 in 1:09-cv-892 OWW DLB); and DWR on its First, Fourth, and Fifth Causes of Action (Doc. 426 in lead case 1:09-cv-407 OWW DLB); in part, on their claims that the BiOp violates the ESA

1   and the Administrative Procedure Act ("APA"), and in part in favor of Federal Defendants and
2   Defendant-Intervenors, as set forth in the Court's December 14, 2010 Memorandum Decision and
3   December 27, 2010 Amended Order.  Judgment is entered in favor of Federal Defendants and
4   Defendant-Intervenors on all other claims regarding ESA and APA compliance;

5      (D)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on
6   Plaintiffs' claims that Reclamation violated the ESA;

7      (E)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on
8   Stewart & Jasper's claims that the BiOp failed to consider the economic impacts of promulgating
9   the reasonable and prudent measures and that USFWS illegally arrogated authority to itself over
10  Reclamation and DWR;

11     (F)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on
12  Family Farm Alliance's Information Quality Act claims;

13     (G)    USFWS' BiOp and Reasonable and Prudent Alternative ("RPA") and
14  Reclamation's December 2008 Provisional Acceptance of the RPA are hereby REMANDED
15  WITHOUT VACATUR with the following instructions:

16          1. USFWS shall complete by October 1, 2011 a new delta smelt Biological
17            Opinion consistent with the Court's December 14, 2010 Memorandum
18            Opinion, with the exception of making express written findings in either the
19            BiOp or the Administrative Record as to the first three factors of the four-part
20            regulatory definition of an RPA in 50 C.F.R. § 402.02, which shall be
21            completed by November 30, 2011.

22          2. Reclamation shall complete review of the RPA in accordance with NEPA by
23            December 15, 2011.

24    (H)    This Final Judgment incorporates by reference the Stipulation and Order for
25           Interim Remedy Through June 30, 2011, entered by the Court on February 25,
26           2011 (Doc. 842);

27    (I)    The Court expressly retains jurisdiction during the period of remand, to the extent
28

1                 permitted by law[1];

2     (J)    The parties shall meet and confer regarding any request by Plaintiffs, or any of them, and/or DWR for recovery of attorneys' fees and/or costs. Any motion for recovery of attorneys' fees and/or costs shall be filed on or before July 1, 2011.

SO ORDERED
Dated: March 28, 2011

                                      /s/ Oliver W. Wanger
                                  United States District Judge

---

[1] Federal Defendants and Defendant Intervenors have expressed intent to appeal the district court's previous rulings in this case and question whether it is appropriate for the Court to retain jurisdiction during the pendency of an appeal. "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Small v. Operative Plasterers' and Cement Masons' Int'l. Assn. Local 200 AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010). "The district court only 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" *Id*. (citing *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc*., 242 F.3d 1163, 1166 (9th Cir.2001)). The Court will address the issue of jurisdiction if and when any request is made during the pendency of an appeal.